UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARISSA EDLER, | CASE NO. 1:18CV535 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Marissa Edler ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on July 17, 2018, Plaintiff asserts that the administrative law judge ("ALJ"): (1) violated the treating physician rule; and (2) improperly evaluated opinion evidence. ECF Dkt. #15. Defendant filed a response brief on September 6, 2018. ECF Dkt. #17. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on May 12, 2014, alleging a disability onset date of May 9, 2014. ECF Dkt. #10 ("Tr.") at 539, 543.[2] The applications were denied initially and upon reconsideration. *Id.* at 445, 449, 458, 465. Plaintiff then requested a hearing before an ALJ. *Id.* at 470. A hearing was held on May 11, 2016, and a second hearing was held on

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

January 11, 2017, after Plaintiff obtained additional medical records. *Id.* at 312, 352. On February 7, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 19. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on February 7, 2017, stands as the final decision.

The instant suit was filed by Plaintiff on March 8, 2018. ECF Dkt. #1. Plaintiff filed a brief on the merits on July 17, 2018. ECF Dkt. #15. Defendant filed a response brief on September 6, 2018. ECF Dkt. #17. Plaintiff did not file a reply brief.

## II.     RELEVANT PORTIONS OF THE ALJ'S DECISION

On February 7, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 8. The ALJ stated that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018, and that she had not engaged in substantial gainful activity since May 9, 2014, the alleged onset date. *Id.* at 13. Continuing, the ALJ determined that Plaintiff had the following severe impairments: cervical degenerative disc disease; thoracic degenerative disc disease; lupus; depression; and post-traumatic stress disorder. *Id.* The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations: never climb ladders, ropes, or scaffolds; frequently climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; unlimited balancing; limited to not working at unprotected heights or operating dangerous machinery; the ability to understand, remember, and carry out simple instructions in a work environment with routine changes; and limited to superficial interactions with the general public, co-workers, and supervisors. Tr. at 18. The ALJ defined "superficial" as speaking or signaling, asking questions, clarifying instructions, and serving, but no negotiating or mentoring work. *Id.*

The ALJ then stated that Plaintiff was unable to perform any past relevant work. Tr. at 30. Continuing, the ALJ indicated that Plaintiff was a younger individual on the alleged

disability onset date, had a high school education, and was able to communicate in English. *Id.* The ALJ then stated that the transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules supported a finding that Plaintiff was not disabled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed insignificant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 9, 2014, through the date of the decision. *Id.* at 31.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

### A. Treating Physician Rule

Plaintiff asserts that the ALJ erred in evaluating the opinion of her treating physician, Donna Sexton-Cicero, M.D., and therefore improperly assessed her RFC. ECF Dkt. #15 at 18. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not

inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable

mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Specifically, Plaintiff claims that the ALJ erred in assigning little weight to the opinion of Dr. Sexton-Cicero that identified significant limitations. ECF Dkt. #15 at 19. Plaintiff asserts that Dr. Sexton-Cicero's opinion is supported by her own treatment records showing findings indicative of lupus and fibromyalgia. *Id.* Continuing, Plaintiff notes that laboratory testing was remarkable for antibodies suggestive of lupus and a mildly elevated inflammatory marker. *Id.* at 20. Plaintiff also states that Dr. Sexton-Cicero's opinion is consistent with other evidence in the record submitted by other physicians and documented by pain management records. *Id.* at 20-21.

Next, Plaintiff avers that the ALJ "offered only a rather disjointed recitation" of why Dr. Sexton-Cicero's opinion deserved less than controlling weight and that the ALJ failed to consider the factors prescribed in 20 C.F.R. § 404.1527(d)(2), such as the length and frequency of the treating relationship or specialty. ECF Dkt. #15 at 21. Plaintiff also asserts that the ALJ's finding that the alleged limitations relating to her hands was not supported by the record because she mostly complained of back pain is factually incorrect. *Id.* at 22. Instead, Plaintiff states that she reported pain in her hands when she first visited Dr. Sexton-Cicero and again in June 2016 when she was examined by a different physician. *Id.* Plaintiff then asserts that the ALJ improperly concluded that Dr. Sexton-Cicero's opinion was issued in a perfunctory manner. *Id.* at 23.

Defendant contends that the ALJ properly considered Dr. Sexton-Cicero's "checklist opinion." ECF Dkt. #17 at 10. Specifically, Defendant asserts that the ALJ explained that Dr. Sexton-Cicero's opinion was assigned little weight because the narrative explanations were sparse, perfunctory, and unsupported by Dr. Sexton-Cicero's own treatment notes. *Id.* Defendant also notes that the ALJ determined that the opinion was inconsistent with the other substantial evidence in the record. *Id.* Continuing, Defendant states that the ALJ fully considered Dr. Sexton-Cicero's treatment and opinion, and highlighted the important factors. *Id.* at 12. Next, Defendant reiterates that the ALJ assigned Dr. Sexton-Cicero's opinion little weight

because: the narrative explanations were sparse and perfunctory; the opinion was not supported by Dr. Sexton-Cicero's treatment notes; and the opinion was inconsistent with other substantial evidence in the record. ECF Dkt. #17 at 13. Defendant then states that the ALJ need not assign controlling weight to a checklist form from a treating physician that has insufficient explanations, particularly when it is inconsistent with the treatment notes. *Id.* (citing *Ellars v. Comm'r of Soc.* Sec., 647 F. App'x 563, 566 (6th Cir. 2016); Curler *v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 471 (6th Cir 2014)).

Continuing, Defendant avers that the ALJ properly determined that Dr. Sexton-Cicero's treatment notes did not support the opinion and cited inconsistencies. *Id.* at 14. Defendant then states that the ALJ also cited examples showing that Dr. Sexton-Cicero's opinion was inconsistent with other substantial evidence. *Id.* at 14-15. Additionally, Defendant indicates that the ALJ also found that Dr. Sexton-Cicero's opinion was inconsistent with her activities and that the ALJ noted that Plaintiff was working as a cashier since she could not sit long enough to perform a medical coding job. *Id.* at 15. Regarding Plaintiff's assertion that the ALJ should have discussed each regulatory factor, Defendant states that the ALJ's discussion of Dr. Sexton-Cicero's opinion was highly detailed and, moreover, that the ALJ was not required to provide an analysis concerning every factor. ECF Dkt. #17 at 16 (citing *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 630 (6th Cir. 2016) (internal citation omitted)).

The ALJ did not violate the treating physician rule and Plaintiff's argument is without merit. After providing a thorough discussion of the medical evidence, the ALJ addressed the opinion of Dr. Sexton-Cicero. Tr. at 18-29. The ALJ stated, in part:

> First, [Dr. Sexton-Cicero] filled out a form, and gave a sparse narrative explanation. Second, she perfunctorily used checkmarks to indicate a complete and utter inability to perform anything, which is not logically consistent with other evidence in the file or her own notes . . . Moreover, [Dr. Sexton-Cicero's] own notes indicate no synovitis and only tenderness when squeezing; this is not a disabling type of condition . . . Dr. Sexton[-Cicero] documented in her office note visit in April 2016 that she spent "several minutes" completing form, which indicates completion in a perfunctory manner. Another inconsistency in Dr. Sexton[-Cicero's] [RFC] is that she said [Plaintiff] can sit for a maximum of 6 hours a day and 2 hours without interruption, however, in her treatment notes [] she notes [Plaintiff] said she is now working as a cashier because she cannot sit for long as she had in her medical coding job. This says to the undersigned that [Dr. Sexton-Cicero] may not have thoroughly reviewed what was in the record prior to

-7-

> filling out the form nor did she objectively compare and contrast the laboratory test results, clinical findings and subjective reporting of history before rendering her opinion. [sic]

*Id.* at 28-29. In the decision the ALJ explained that Dr. Sexton-Cicero's opinion was: a form lacking explanation; inconsistent with her own treatment notes; and inconsistent with Plaintiff's reported activities. *Id.* The ALJ also provided citations supporting each of these conclusions. *Id.*

A review of the record and Dr. Sexton-Cicero's opinion supports the ALJ's assignment of little weight to the opinion. The opinion consists of a two page form on which Dr. Sexton-Cicero marked extreme limitations. Tr. at 1130-31. While the opinion did contain boxes to explain the findings, those boxes only reference Plaintiff's joint pain and fatigue, and fail to explain the inconsistencies between Dr. Sexton-Cicero's treatment notes and the opinion. *See id.* Regarding Plaintiff's argument that the ALJ failed to consider all the factors of 20 C.F.R. § 404.1527(d)(2), the ALJ was not required to expressly address each factor. *Kepke*, 636 F. App'x at 630. Further, even accepting Plaintiff's contention that the ALJ mischaracterized her complaints of hand pain, the other inconsistencies between Dr. Sexton-Cicero's opinion and her treatment notes remain. Accordingly, the ALJ provided "good reasons" for assigning less than controlling weight to Dr. Sexton-Cicero's opinion and did not violate the treating physician rule.

### **B.** **Opinion Evidence**

Next, Plaintiff asserts that the ALJ erroneously assigned little weight to the opinion of Grace Herwig, A.P.R.N. ECF Dkt. #15 at 23. Plaintiff indicates that the applicable regulations state that the ALJ was required to evaluate every medical opinion, regardless of the source. *Id.* (citing 20 C.F.R. § 404.1527). Continuing, Plaintiff states that Ms. Herwig opined that she would have severe limitations. *Id.* Plaintiff then avers that the ALJ failed to consider the factors stated in 20 C.F.R. §§ 404.1527(f)(1) and 416.927(f)(1). Additionally, Plaintiff asserts that Ms. Herwig's opinion is supported by other evidence in the record. *Id.* at 25-26.

Defendant contends that the ALJ properly evaluated Ms. Herwig's opinion. ECF Dkt. #17 at 17. First, Defendant states that the regulations requiring nurse practitioners to be treated as "acceptable medical sources" are for claims filed after March 17, 2017. *Id.* at 17 (citing 20

C.F.R. §§ 404.1502, 404.1520, and 404.1527). Defendant indicates that under the regulations applicable to Plaintiff's claims, a nurse practitioner is an "other source" or a form of medical information that was "not acceptable." *Id.* at 18. Continuing, Defendant asserts that the ALJ gave Ms. Herwig's opinion little weight because it lacked narrative explanation or examples of behavior from treatment records. *Id.* at 19. Defendant also notes that the ALJ determined that Ms. Herwig's treatment notes were inconsistent with the opinion. *Id.* at 20. Finally, Defendant asserts that the Sixth Circuit has explained that an ALJ has broad discretion when evaluating the opinion of an "other source." *Id.* (citing *Brown v. Comm'r of Soc. Sec.*, 591 F. App'x 449, 451 (6th Cir. 2015)).

Under the application of the appropriate regulations, Ms. Herwig was an "other source" when she issued her opinion and the ALJ was not under the heightened standard claimed by Plaintiff. Further, the ALJ provided sufficient explanation for why Ms. Herwig's opinion was assigned little weight. The ALJ explained that Ms. Herwig's opinion failed to explain or support the limitations as stated on the checkbox form. Tr. at 29. Additionally, the ALJ indicated that Ms. Herwig's opinion was inconsistent with the treatment notes and cited examples of the inconsistencies. *Id.* Accordingly, the ALJ's assignment of little weight to Ms. Herwig's opinion was not erroneous, especially considering the deferential standard afforded to the ALJ. Accordingly, the ALJ properly evaluated the opinion evidence and Plaintiff's argument is without merit.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.


Date: February 28, 2019     */s/George J. Limbert*
                                                               GEORGE J. LIMBERT
                                                               UNITED STATES MAGISTRATE JUDGE